Edward M. Saltzman, Esq. Corporation Counsel, Port Chester
You have asked whether the Board of Trustees of the Village of Port Chester by local law may amend the village charter to provide that a member of the Board of Trustees who runs for village mayor must resign his office prior to election day.
Section 10 (1) (ii) (a) (1) of the Municipal Home Rule Law authorizes a village to enact a local law, not inconsistent with the Constitution or any general law, relating to the "powers, duties, qualifications, mode of selection and removal, terms of office * * * of its officers". We are of the opinion that a local law which would require a village trustee who is running for village mayor to resign his office prior to election day is a qualification of office within the home rule power of the Village of Port Chester.
The question then becomes whether the local law would be inconsistent with the Constitution or any relevant general law.
Neither the New York State Constitution nor the Village Law appears to restrict the village's authority to enact a local law that would require an elected official to resign his office if he chooses to run for a higher office.*
Section 3-300 of the Village Law does provide:
 "Except as is otherwise provided by law, no person shall be disqualified from holding a village office by reason of holding any public office unless such public officer could not fully discharge the duties and obligations of the village office while carrying out the duties and obligations of any such other office."
Even if we assme that the proposed local law would be inconsistent with Village Law, § 3-300, the Municipal Home Rule Law expressly permits a village to amend or supersede the Village Law on any matter relating to the property, affairs or government of the village and to many other matters within the village's municipal home rule powers. (Municipal Home Rule Law, §§ 10 [1] [ii] [b] [3]. See, also, Village Law, § 23-2202.)
However, if the Board of Trustees of the Village of Port Chester adopts such a local law, it will be subject to a mandatory referendum. Municipal Home Rule Law, § 23 (2) (f) provides that a local law is subject to mandatory referendum if it curtails any power of an elective officer (1970 Op Atty Gen 80). Since the trustees have the power to serve to the end of their terms even if they run for mayor, this power cannot be curtailed without the approval of their electors (cf. 1972 Op Atty Gen 264).
We therefore conclude that the Board of Trustees of the Village of Port Chester by local law may require an elected village trustee who is running for village mayor to resign his office prior to election day.
* See, N Y Const, Art VI, § 20(b)(2), which prohibits a judge of any Statewide court from running for any office except judge or as a member of a constitutional convention unless he resigns as judge; N Y Const, Art III, § 7, which allows a legislator to be elected without resigning, but requires him to vacate his position upon accepting the new office. Other state constitutions contain restrictions which provide that an officeholder is "not eligible during his term" for another office. See, Index Digest of State Constitutions, second edition, pp 37, 226, 284, 507, 662, 690, 928, 1097.